UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF NEW YORK

----------------------------------------------------------------X

GREEN, AAZIM D.                                    Bankruptcy Case No. 1-18-41652- ess

     Debtor-Plaintiff,                           Chapter 7

v.

AMERICAN FINANCIAL RESOURCES INC.        Adv. Pro. No. 1-18-01102- ess

COREY DURNOFF, MORTGAGE ELECTRONIC

RESOURCES SYSTEMS, BILL BECKMANN,

WELLS FARGO BANK, N.A., TIMOTHY J.

SLOAN, JASON B. DESIDERIO, MICHAEL V.

MARGARELLA, AMBER A. JUREK,

ALEXANDRA R. HEANY, REED SMITH, LLP,

VASILLIOS C., ANGELOS, ABRAHAM

ABOUTABOUL, AA PROPERTIES 501 LLC,

NICHOLAS J. MATTIA, ARNOLD W. DRUCKER

     Defendants.

----------------------------------------------------------------X

### Plaintiff's Affirmation In Opposition

### to Defendant's Answer of Amber A. Jurek and Alexandra R. Heany

### and Affirmative Defenses

I, Green, Aazim D., the living, breathing flesh and blood man, a non-attorney and Debtor and/or Plaintiff hereinafter affirm the following under penalty of perjury:

52. I am the plaintiff in this action, and I respectfully submit this affirmation in opposition to the "Motion To Dismiss" dated November 21, 2018, made by Nicole M. Black on behalf of Defendant's Amber A. Jurek and Alexandra R. Heany.

53. I have personal knowledge of facts which bear on this motion.

54. Defendant's Amber A. Jurek and Alexandra R. Heany failed to provide Certificates of Merit in the lower court with willful intent.

55. Plaintiff is of the opinion that Defendant's did not have first-hand knowledge of the facts and did seek to foreclose on a consumer credit matter in the Supreme Court of the State of New York held in and for the County of Queens under Index No. 7127/2013.

Signed pursuant to Rule 9011, ARR UCC 1-308 Green, Aazim D.
212-06 99th Ave Apt 1-F
Queens Village, NY 11429

56. Plaintiff is of the opinion that Defendant's Amber A. Jurek and Alexandra R. Heany's attorney, Nicole M. Black of Gross Polowy, LLP does not present any proof of admission, proof of oath of admission and must do so as an attorney in good standing in the United States District Court in and For the Eastern District of New York or the Supreme Court of the State of New York

## AFFIRMATION IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANTS NOTICE
## OF MOTION TO DISMISS and Affirmative Answers

The Defendant's Amber A. Jurek and Alexandra R. Heany by and through their attorneys Gross Polowy, LLC motion to dismiss and affirmative answer should be denied for the following:

57. The Defendant's Amber A. Jurek and Alexandra R. Heany by and through Nicole M. Black, Esq. and their attorneys Gross Polowy, LLC does not contest the dischargeability of the debt nor does the Defendant make a general denial of allegations brought before the court by voluntary petition of the Plaintiff who cites 11 USC 352(a)(6) in the amended complaint in paragraph 11 of the Defendant's affirmative defense still entitling this court to review of the argument of the Plaintiff brought before it by voluntary petition.

58. Plaintiff admits the citing of 11 USC 362 (a)(6) paragraph 12 of Defendant's affirmative defenses.

59. Defendant's Amber A. Jurek and Alexandra R. Heaney admit to being attorneys at Gross Polowy, LLC and to being counsel for Wells Fargo Bank, N.A. in the residential foreclosure action commenced in the Supreme Court of the State of New York held in and for the County of Queens under Index No. 7127/2013 in paragraph 13 of Defendant's affirmative defenses.

60. Defendants admit in paragraph 14 of Defendant's affirmative defenses that the aforementioned residential foreclosure action was commenced on April 12, 2013 and that pursuant to a judgment of foreclosure and sale the mortgaged premises was sold at public action on October 13, 2017 that is the cause of the action presented before the Court yet Defendant's fails to acknowledge orders denying the Defendant's motion in its entirety as submitted previously to the Court in Plaintiff's exhibits of evidence.

61. Plaintiff denies paragraph 15 of Defendant's affirmative defenses in so much that Plaintiff's right of redemption terminated pursuant to New York RPAPL 1352 upon the sale of the mortgaged property on October 13, 2017. The Plaintiff states that all means to settlement of a debt have been employed by the Plaintiff was denied loan modification by Defendant Wells Fargo that on a fixed rate loan that was not properly accelerated, and was never verified or validated as an accurate debt in which the Plaintiff was obliged to pay.

62. The Plaintiff affirms paragraph 15 of Defendant's affirmative defenses in part that it has maintained a possessory interest in the mortgaged property as Plaintiff holds a mechanic's lien for custodial care, maintenance and improvements upon the premises of property and seeks as relief the value of the original debt of $294,000;

63. The Plaintiff agrees to settle for the full reimbursement of mortgaged payments made to the original creditor by the Plaintiff before transfer of assignment to Wells Fargo Bank, N.A.

64. Plaintiff agrees with paragraph 16 of Defendant's affirmative defenses

65. Plaintiff agrees with paragraph 17 of Defendant's affirmative defenses as Defendant affirms that Plaintiff's actions were in response to Defendant's motion's as counsel to Wells Fargo Bank after Plaintiff's notice of bankruptcy had previously been submitted in the Supreme Court of New York.

Signed pursuant to Rule 9011, ARR UCC 1-308 Green, Aazim D.
212-06 99th Ave Apt 1-F
Queens Village, NY 11429

66. Plaintiff denies paragraph 18 of Defendant's affirmative defenses in that Defendant's opposition to Plaintiff's motion referenced in paragraph 17 of Defendant's affirmative defenses actions violate the order expressing that all action to collect, assess, recover or respond to claims made by the Plaintiff must be made to the United States Bankruptcy Court.

67. The result of the foregoing, the Plaintiff's Amended Complaint should not be dismissed.

WHEREFORE in view of the foregoing, it is respectfully requested and submitted that the Defendant's Answer and Affirmative Defenses be stricken, denied entirely and issue $294,000 and such other relief as may be granted by this Court.

Signed pursuant to Rule 9011, ARR UCC 1-308 Green, Aazim D.
212-06 99th Ave Apt 1-F
Queens Village, NY 11429