UNITED STATES DISTRICT COURT   Hearing Date: March 12, 2019
EASTERN DISTRICT OF NEW YORK  Hearing Time: 9:30 am (EST)
----------------------------------------------------------------X
In re:

AAZIM GREEN aka AAZIM DEMETRIUS GREEN,  Case No. 18-41652 (ess)
                Chapter 7

       Debtor,
----------------------------------------------------------------X
AAZIM DEMETRIUS GREEN,

       Plaintiff,       Adv. Pro. No. 18-01102 (ess)

v.

AMERICAN FINANCIAL RESOURCES INC.,
COREY DUBNOFF, MORTGAGE ELECTRONIC
RESOURCES SYSTEMS, BILL BECKMANN,
WELLS FARGO BANK, N.A., TIMOTHY J.
SLOAN, JASON B. DESIDERIO, MICHAEL V.
MARGARELLA, AMBER A. JUREK,
ALEXANDRA R. HEANEY, REED SMITH, LLP,
VASILLIOS C. ANGELOS, ABRAHAM
ABOUTABOUL, AA PROPERTIES 501 LLC,
NICHOLAS J. MATTIA, ARNOLD W. DRUCKER,

       Defendants.
----------------------------------------------------------------X

## NOTICE OF MOTION SEEKING TO DISMIISS ADVERSARY COMPLAINT

   **PLEASE TAKE NOTICE** that Amber A. Jurek and Alexandra R. Heaney

(henceforth the "Defendants") by and through its Counsel Gross Polowy, LLC, will move this

Court on **March 12, 2019 at 9:30 AM or** as soon thereafter as counsel can be heard, at the United

States Bankruptcy Court for the Eastern District of New York, 271-C Cadman Plaza East,

Brooklyn, New York, for the following relief:

(1) Defendants seeks an Order pursuant to Federal Rule of Civil Procedure 12(b)(6) made applicable to this proceeding by Rule 7012 of the Federal Rules of Bankruptcy Procedure dismissing the Complaint.


Dated: February 8, 2019              Gross Polowy, LLC
      Westbury, New York         *Attorneys for Amber A. Jurek and*
                                         *Alexandra R. Heaney*

                                /s/ Nicole M. Black
                               By: Nicole M. Black, Esq.
                               900 Merchants Concourse, Suite 412
                               Westbury, New York 11590
                               (716) 204-1756


TO:     Aazim Demetrius Green
          *Plaintiff Pro Se*
          212-06 99th Avenue
          Queens Village, NY 11429


          Robert J. Musso
          *Chapter 7 Trustee*
          26 Court Street, Suite 221
          Brooklyn, NY 11242

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
In re:

AAZIM GREEN aka AAZIM DEMETRIUS GREEN,                Case No. 18-41652 (ess)
                                                      Chapter 7

                        Debtor,
-----------------------------------------------------------------X
AAZIM DEMETRIUS GREEN,

                        Plaintiff,                   Adv. Pro. No. 18-01102 (ess)

v.

AMERICAN FINANCIAL RESOURCES INC.,
COREY DUBNOFF, MORTGAGE ELECTRONIC
RESOURCES SYSTEMS, BILL BECKMANN,
WELLS FARGO BANK, N.A., TIMOTHY J.
SLOAN, JASON B. DESIDERIO, MICHAEL V.
MARGARELLA, AMBER A. JUREK,
ALEXANDRA R. HEANEY, REED SMITH, LLP,
VASILLIOS C. ANGELOS, ABRAHAM
ABOUTABOUL, AA PROPERTIES 501 LLC,
NICHOLAS J. MATTIA, ARNOLD W. DRUCKER,

                        Defendants.
-----------------------------------------------------------------X

## AFFFIRMATION WITH CITATION TO LEGAL
## AUTHORITY IN SUPPORT OF MOTION TO DISMISS COMPLAINT

     Nicole M. Black, Esq. an attorney admitted to practice in this district hereby affirms

and sets forth as follows:

     1.      Your Affirmant is associated with the law firm of Gross Polowy, LLC counsel

for Amber A. Jurek and Alexandra R. Heaney (the "Defendants" herein).  Defendants hereby

submit the instant affirmation in support of its motion to dismiss (the "Motion") the Complaint in

the above-captioned Adversary Proceeding filed by Aazim Demetrius Green (the "Plaintiff"

herein).  The instant Motion is being made pursuant to Federal Rule of Civil Procedure 12(b)(6)

made applicable to this proceeding by Rule 7012 of the Federal Rules of Bankruptcy Procedure. In support of the Motion, Defendants respectfully set forth as follows:

## PROCEDURAL HISTORY

### I.    The Foreclosure Action

2.    On or about April 12, 2013, Wells Fargo Bank, N.A. ("Wells Fargo") commenced a foreclosure action in the Supreme Court of the State of new York held in and for the County of Queens under Index No. 7127/2013 (the "Foreclosure Action").  The Foreclosure Action sought to foreclose a mortgage held by Wells Fargo against the property located at 212-06 99th Avenue, Queens Village, New York (the "Subject Property").  Gross Polowy, LLC was retained by Wells Fargo to represent it in said action.

3.    On or about August 5, 2013, Plaintiff appeared in the Foreclosure Action, represented the same counsel who now represents Plaintiff in the instant Chapter 7 proceeding and filed an answer to the complaint in said Foreclosure Action.  Wells Fargo, through counsel, applied for an Order of Reference, which was granted by the Queens County Supreme Court on October 1, 2014.  Subsequently, Wells Fargo moved for a Judgment of Foreclosure and Sale, which was granted on September 22, 2017.  Pursuant to said Judgment of Foreclosure and Sale, the Subject Property was sold at auction on October 13, 2017, which terminated Plaintiff's right of redemption pursuant to New York Real Property Actions and Proceedings Law §1352 and Plaintiff's ownership interest in the Subject Property.  Since the foreclosure sale, Plaintiff has only maintained a possessory interest in the Subject Property.

## II.    Plaintiff's Post-Sale Motions and Bankruptcy Filing

4.    Still, on or about February 23, 2018, nearly six months after the foreclosure sale of the Subject Property, Plaintiff filed a motion seeking to vacate the foreclosure sale.  Shortly after filing said motion, on March 26, 2018, Plaintiff filed a Voluntary Petition under Chapter 7 of the Bankruptcy Code.  On April 16, 2018, the Honorable Salvatore J. Modica, J.S.C., denied Plaintiff's February 2018 motion to vacate the foreclosure sale.

5.    Plaintiff then filed yet another motion requesting the removal of the Foreclosure Action to federal court on or about June 7, 2018, which was opposed by Wells Fargo, through its counsel at Gross Polowy, LLC, Amber A. Jurek, Esq., on September 13, 2018.  Said motion was denied on November 9, 2018 by the Honorable Salvatore J. Modica, J.S.C.

## III.    Adversary Proceeding

6.    Plaintiff, appearing *pro se*, filed a complaint commencing this Adversary Proceeding on or about September 11, 2018 (Docket No. 1).  Subsequently, Plaintiff amended his complaint on or about October 22, 2018 (Docket No. 6) to which Defendant's Jurek and Heaney responded by filing and serving an answer on or about November 21, 2018 (Docket No. 12). Plaintiff has now amended his complaint again (Docket No. 17) and as a result, Defendants Jurek and Heaney are filing the instant pre-answer motion to dismiss pursuant to Rule 12(b)(6).

## PRELIMINARY STATEMENT

7.    Plaintiff's within Adversary Proceeding against Defendant is entirely devoid of merit and fails to state any claim upon which relief can be granted against Defendants Jurek and Heaney.  The nonsensical pleading fails to identify any true causes of action and fails to

identify Defendants Heaney and Jurek as parties in any way other than listing each of them in the caption.  Instead it is a rambling diatribe of seemingly unrelated references without any citation to any factual or legal basis that would entitle Plaintiff to relief.  As Plaintiff's pleading fails to state a cause of action upon which relief can granted, it is respectfully requested that Defendants' Motion to Dismiss be granted with prejudice.

## ARGUMENT

### I.    Standard of Review of a Motion to Dismiss.

8.    Rule 12 of the Federal Rules of Civil Procedure, made applicable to this proceeding pursuant to Rule 7012 of the Federal Rules of Bankruptcy Procedure, provide that a party may file a motion to dismiss a claim for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12 (b)(6), 8(a); *see also* Bankr. R. 7012.  Here, Plaintiff's Amended Complaint (Docket No. 17), which is annexed hereto as **Exhibit A**, is wholly devoid of any factual or legal basis which would entitle Plaintiff to relief against Defendants Jurek and Heaney. This Court need not expend any judicial resources to glean some sort of cause of action from the Complaint.  *See* DaimlerChrysler Corp. v. Cuno, 547 U.S. 332, 341 (2006) ("If a dispute is not a proper case or controversy, the courts have no business deciding it, or expounding the law in the course of doing so.").

### II.    The Complaint Fails to State a Claim Upon Which Relief May Be Granted.

9.    The purpose of Rule 12(b)(6) "'is to test, in a streamlined fashion, the formal sufficiency of the plaintiff's statement of a claim for relief without resolving a contest regarding its substantive merits.'" Halebian v. Berv, 644 F.3d 122, 130 (2d Cir. 2011) (quoting Global

Network Commc'ns, Inc. v. City of New York, 458 F.3d 150, 155 (2d Cir. 2006)).  To survive a motion to dismiss, a complaint must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic v. Twombly, 550 U.S. 544,570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  This standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id.

10.     Although all factual allegations contained in the complaint are assumed to be true, this tenant is "inapplicable to legal conclusions" and "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.  "Conclusory allegations or legal conclusions masquerading as factual conclusion swill not suffice to prevent a motion to dismiss." Yeiser v. GMAC Mortg., 535 F. Supp. 2d 413, 420 (SDNY 2008).  Therefore, only complaints that state a plausible claim for relief can survive a Rule 12(b)(6) motion to dismiss and it is submitted that determining whether a complaint does so is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Ashcroft v. Iqbal, supra. at 679.

11.     When the Amended Complaint herein is stripped of its legal conclusions, as is required by Iqbal, it is apparent that Plaintiff has offered absolutely no factual content that would allow a reasonable fact-finder to conclude that Defendants are liable for any the claims alleged in the Complaint.  In fact, Plaintiff literally fails to state any claim against Defendants Jurek and Heaney at all, as the only mention of either of these defendants is contained in the caption of the Amended Complaint.  As it is well-established that an amended complaint supersedes those complaints which came before, and gives those previous complaints no legal effect (Dluhos v.

Floating & Abandoned Vessel, Known as N.Y., 162 F.3d 63, 68 (2d Cir. 1998); Shields v. Citytrust Bancorp., Inc., 25 F.3d 1124, 1128 (2d Cir. 1994)), it is respectfully submitted that the instant Adversary Proceeding must be dismissed as against Defendants Jurek and Heaney as Plaintiff does not allege a cause of action against either of them.


      **WHEREFORE,** for the reasons set forth Defendants respectfully request that the instant Adversary Proceeding be dismissed as to Amber A. Jurek and Alexandra R. Heaney pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure all made applicable to this proceeding by Rule 7012 of the Federal Rules of Bankruptcy Procedure.


Dated: February 8, 2019          Gross Polowy, LLC
       Westbury, New York      *Attorneys for Amber A. Jurek and*
                            *Alexandra R. Heaney*

                       /s/ Nicole M. Black
                      By:  Nicole M. Black, Esq.
                      900 Merchants Concourse, Suite 412
                      Westbury, New York 11590
                      (716) 204-1756

# Exhibit A

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------X

GREEN, AAZIM D.                                      Bankruptcy Case No. 1-18-41652- ess

    Debtor-Plaintiff,                              Chapter 7

v.

AMERICAN FINANCIAL RESOURCES INC.                   Adv. Pro. No. 1-18-01102- ess

COREY DUBNOFF, MORTGAGE ELECTRONIC

RESOURCES SYSTEMS, BILL BECKMANN,

WELLS FARGO BANK, N.A., TIMOTHY J.

SLOAN, JASON B. DESIDERIO, MICHAEL V.

MARGARELLA, AMBER A. JUREK,

ALEXANDRA R. HEANY, REED SMITH, LLP,

VASILLIOS C., ANGELOS, ABRAHAM

ABOUTABOUL, AA PROPERTIES 501 LLC,

NICHOLAS J. MATTIA, ARNOLD W. DRUCKER

    Defendants.

-----------------------------------------------------------------X

### PLAINTIFF'S AMMENDED COMPLAINT

    This amended complaint, by Green, Aazim D., the living, breathing flesh and blood man, a non-attorney, non-lawyer, Debtor and/or Plaintiff hereinafter, respectfully submits this Amended Complaint in accordance with Rule 15(a)(2) of the Federal Rules of Civil Procedure to add defendants, state cause of action and demand relief of $294,000 for mortgage payments, maintenance, improvements and mechanical care of a property foreclosed and sold. I state the following under penalty of perjury:

    In Re - Loan Number: 0000003196O; Property Address: 212-06 99th AVE QUEENS VILLAGE, NY 11429; Legal Description: Block # 11085 Lot # 0023

Signed pursuant to Rule 9011, ARR UCC 1-308 Green, Aazim D.
212-06 99ᵗʰ Ave Apt 1-F
Queens Village, NY 11429

AFFIDAVIT IN SUPPORT OF AMMENDED COMPLAINT AND

## STATEMENT OF THE FACTS

The Plaintiff

1.  My name is Mr. Green, Aazim D.  I am the debtor and Plaintiff in the previously mentioned bankruptcy and adversary proceedings. I am over 21 years of age and of sound mind. I have personal knowledge of the facts stated below.
2.  Plaintiff domiciles in the State of New York as occupant of the aforementioned property and description.

The Defendant(s)

3.  American Financial Resources, Inc is a Corporation registered in the State of New Jersey, the original creditor for fixed rate loan number 00000031960.
4.  Mortgage Electronic Registration System is a Corporation registered in the State of Virginia and was temporary holder of the property of the aforementioned loan number before transferring property to Wells Fargo Bank, N.A.
5.  Wells Fargo Bank, N.A. is a Corporation registered in the State of California and the creditor of title of the listed property foreclosed and sold through referee judgment.
6.  Abraham Aboutaboul engages in business as AA Properties 501 LLC registered in the State of New York, the owner of property by purchase of referee judgment foreclosure and seeks to evict the Plaintiff without a verbal or written landlord / tenant agreement.

Cause of Action

7.  Plaintiff claims damages and files amended complaint to recover monies paid from 06/06/2008 through November, 2017 for mortgage and payments made for the maintenance and 0improvement of security and physical property, the same property foreclosed and sold. It is the Plaintiff's right to dispute the validity of the debt and the accuracy of all reported information on a consumer's credit report.
8.  Plaintiff seeks injunctive Relief for violations of automatic stay; and
9.  Plaintiff also seeks the determination of the action removed from State and Civil court

Demand

10. Plaintiff demands $294,000 for payments made toward the payments for mortgage, maintenance and improvements of the above listed property.

Subject Matter Jurisdiction

11. Plaintiff and Defendant parties of interest are residents of different states.
12. The amount in controversy exceeds $75,000.00.
13. Plaintiff did file voluntary petition for bankruptcy.
14. The United States Bankruptcy Court in and for the Eastern District of New York is the correct venue

Events surrounding Plaintiff's Bankruptcy and Adversary Proceeding

Signed pursuant to Rule 9011, ARR UCC 1-308 Green, Aazim D.
212-06 99th Ave Apt 1-F
Queens Village, NY 11429

15. Debtors and / or Plaintiff(s) in Bankruptcy and Adversary Proceeding(s), held the previously mentioned account number and property with legal description, and made mortgage payments on a fixed rate loan of six percent (6%) from 06/06/2008 to 11/2008, transferring Deed of Title allegedly to Wells Fargo Bank, N.A.

16. ACRIS property search shows on the aforementioned block and lot number Mortgage Electronic Registration Systems (MERS) possessed assignment and mortgage September, 2012.

17. The fixed rate of the original agreement increased from the original fixed rate and in 2012, after Plaintiff, failed to make two timely payments, Wells Fargo Bank, N.A. initiated foreclosure of a mortgage demanding $540,000.00 and not for deficiencies to bring the account holders loan current.

18. From the time of Plaintiff's purchase, possession and occupancy of the property in June 2008, maintenance, necessary upgrades, improvements to the heating, cooling, plumbing, physical security and property had been made by us and since then, has been purchased by Abraham Aboutaboul

19. Plaintiff made joint payments of $17,667.00 to American Financial Resources, Inc

20. Plaintiff made joint payments of $194,334.00 to Wells Fargo Bank, N.A.

21. Plaintiff made joint payments of $85,000.00 for the maintenance, necessary upgrades, improvements to the heating, cooling, plumbing, physical security and property. Payment(s) were made by check over the phone.

Reason for Debtor's Amended Complaint

22. Plaintiff's contacted Wells Fargo Bank, N.A. Customer Service prior to October 10, 2018, on several occasions in which Mr. Green called and requested that Wells Fargo Bank, N.A. provide copies of loan modification requests, payment statements and transfer of title from the original "creditor" American Financial Resources, Inc to Wells Fargo Bank, N.A. as the current "creditor."

23. The request made was for the original and/or certified copy of the Deed of Trust with a lost note affidavit included with chain of title and signed by an authorized agent.

24. Since November, 2008, payments increased from the original agreed amount to a rate that Plaintiffs' could not afford. Though the initial complaint and summons was made in 2012, in 2017, the Supreme Court in and for the County of Queens did foreclose and sell property denying any payments made by myself or co-signor, Ms. Williams, Ethel.

25. This injury deprives my family and self, not only property, but monies paid for a service originally extended to us by American Financial Resources, Inc, and transferred to Wells Fargo Bank, N.A.

26. In 2012, co-signor, Ms. Williams, Ethel - ill, hospitalized on several occasions and diagnosed for cancer finally in 2012; was unable to make any payments, responses or appearances to any matter regarding the above mentioned loan number, property address and/or legal description.

27. On review of the initial complaint and summons made by Wells Fargo Bank, N.A. in the Supreme Court in and for the County of Queens, the search results of co-signor Williams, Ethel contained multiple results with the wrong name and addresses attached to citations for parking and trash.

28. Furthermore, Judge Phyllis Orlikoff Flug denied Defendant's motion in its entirety for failing to certify the accuracy of the attorney's filed documents.

Signed pursuant to BdR 9011, ABR UCC 1-308 Green, Aazim D.
212-06 99ᵗʰ Ave Apt 1-F
Queens Village, NY 11429

29. Plaintiffs' Williams, Ethel and Green, Aazim D., non-attorney(s), non-lawyer(s), are Consumers and not experts however, Wells Fargo Bank, N.A. nor its attorney debt collector-do not appear to possess the requested information and / or has not presented- myself or Ms. Williams, with any portion of the information validating, or verifying the original creditor, or the name(s) and address(es) of the original creditor, an injured party, authorized agent as a party of interest, the chain of title or ledger for damaged property.

30. The failure of the Defendants, and / or their attorneys, to provide the requested information or to receive an appropriate response to this problem has prompted the Plaintiff to write directly to the Honorable Judge and Trustee of the United States Bankruptcy Court in and for the Eastern District of New York.

## PLAINTIFF'S AFFIDAVIT IN OPPOSITION TO DEFENDANT'S WELLS FARGO BANK, N.A., MICHAEL V. MARGARELLA, REED SMITH, LLP NOTICE OF MOTION TO DISMISS ADVERSARY COMPLAINT

I, Green, Aazim D., the living, breathing flesh and blood man, a non-attorney and Debtor and/or Plaintiff hereinafter state the following under penalty of perjury:

31. I, Green, Aazim D., am the debtor and/or Plaintiff in this action.

32. Plaintiff respectfully submits this affirmation in opposition to the "Motion To Dismiss" dated November 21, 2018, made by Brian P. Matthews on behalf of Defendants' Wells Fargo Bank, N.A., Michael V. Margarella and Reed Smith, LLP

33. Pursuant to Rule 7026-2(a), Plaintiff has agreed to permit Defendant's Counsel more time to respond to the amended complaint and adversary proceedings in the interests of myself and on the behalf of common law spouse Williams, Ethel, the debtor and/or Plaintiff in Bankruptcy Case No. 1-18-44707-ess and Adversary Proceeding No 1-18-01103-ess relating to scheduling and timing of various discovery procedures.

34. Plaintiff agrees with the Hearing Date: January 15, 2019 and Hearing Time: 10:30 a.m. (EST) in Defendant's Notice of Motion To Dismiss adversary Complaint and that upon the annexed Memorandum of Law, Defendant's counsel will make a Motion at a term of the Court to be held at the United States Bankruptcy Court for the Eastern District of New York, Conrad Duberstein Courthouse, 271-C Cadman Plaza East, Brooklyn, New York on the aforementioned date and time for and Order.

35. Plaintiff objects to Defendants motion made pursuant to Rule 12(b)(6) of Federal Rules of Bankruptcy Procedure (i) dismissing the amended adversary complaint; and (ii) granting such other and further relief as the Court deems proper under the circumstances.

36. Plaintiff makes the general denial of paragraphs 1-45 of Defendant counsels unnumbered Memorandum of Law in Support of Defendants Wells Fargo Bank, N.A., Michael V. Margarella, and Reed Smith LLP's Motion to Dismiss Plaintiff's Amended Adversary Complaint Pursuant to Fed. R. Civ. P. Rule 12(b)(6).

37. Plaintiff makes the response to paragraph 19 of 45 (page 11 of Defendant's Memorandum of Law, specifically the "Legal Argument," that Plaintiff's claims against the Defendant are sustainable and demand this Courts review.

38. Plaintiff states that Defendant's Counsel, Brian P. Matthews, has failed to present any of the following: (i) a "Notice of Appearance of Attorney;" (ii) an Affidavit of admission to the BAR of this Court; (iii) Attorney fails to provide any certificate from the presiding Judge, Clerk or other Authorized Official of the United States Bankruptcy Court Eastern District of New York

Signed pursuant to Rule 9011, ABR UCC 1-308 Green, Aazim D.
212-06 99th Ave Apt 1-F
Queens Village, NY 11429

evidencing the attorney's authority to practice before this Court in "good standing" and Attorney fails to provide the completely executed copy of the form approved by the Court or furnished by the Clerk containing (ii) and (iii); (iv) Attorney has failed to provide proof of signed oath and/ or affirmation signed under penalty of perjury in this closed court matter with receipt of required fee paid; (v) Attorney fails to provide an oath that would "swear" or "affirm" Attorney will "uprightly support" the U.S. Constitution, a "seal" of the Court paid to the U.S. Supreme Court and also fails to produce a Certificate of Good Standing from U.S. Supreme Court; (vi) Attorney fails to at least provide an affidavit and/or certificate of merit in accordance with Administrative Order 431-11 that would otherwise satisfy the inferior courts requirements IF inferior court did indeed have subject matter jurisdiction over the matter before the United States Bankruptcy Court.

39. Plaintiff has stated previously that the Cause of action is to recover monies for payments made for mortgage payments, injunctive relief and the determination of removed claim in what the Plaintiff believes is a "Cloud on Title" of a Deed of Trust or mortgage note between the Plaintiff and original "Creditor" and / or "Lender" American Financial Resources, Inc.

40. As evident by the transfer of title of legal description Block 11085 Lot 0023 located at address 212-06 99th Ave, Queens Village, NY 11429, is unclear and should be given proper review by this Court.

## AFFIRMATION IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANTS NOTICE OF MOTION TO DISMISS

41. Prior to any transfer, sale or foreclosure action was initiated by MERS or Defendant's Wells Fargo Bank, N.A., Plaintiff affirms that all payments made to American Financial Resources, Inc prior to 2012 were timely and amounted to $294,000 on a "Fixed Rate Note."

42. Plaintiff states repeats that they were denied several times before Defendant's Wells Fargo Bank, N.A. improperly accelerated the loan demanding payment in full of the Fixed Rate Note amount.

43. Within weeks, not months, of defaulted payment, Defendant Wells Fargo Bank, N.A. demanded the full amount due for default of the loan instead of the necessary payment to bring the Plaintiff current on the loan. Defendant Wells Fargo Bank, N.A. foreclosed on the aforementioned property ignoring any payments made to the Creditor's by the Plaintiff before and after any transfer of deed or assignment of mortgage.

44. At the very least, Plaintiff is entitled to a full refund of all previous payments made to any Creditor as the foreclosure and sale of property fully repaid the original value of debt paid the Defendant Wells Fargo Bank including the ignored payments made.

45. The Plaintiff again states that neither he or Plaintiff Williams, Ethel has not entered into any agreements or contracts- written or verbal- and has never had an account with MERS or AA Properties 501 LLC yet Plaintiff's Green, Aazim D. or Williams, Ethel appear to transfer property to Mortgage Electronic Registration Systems, Inc. (MERS) at some time to Defendant Wells Fargo Bank, N.A. having possession at a time when Defendant's Wells Fargo Bank, N.A. is initiating its Complaint, Summons and foreclosure proceedings on the aforementioned mortgage in the inferior court.

46. How did MERS become a party to the action without contract or agreement?

Signed pursuant to Rule 9011, ARR UCC 1-308 Green, Aazim D.
212-06 99th Ave Apt 1-F
Queens Village, NY 11429

47. Plaintiff alleges that on "doc date," 9/4/2012, "Recorded / Filed" on date 9/11/2012, MERS transferred property with what the Plaintiff alleges is a "cloud on title," that sells or transfers "Assignment, Mortgage" to Defendant's Wells Fargo Bank, N.A. for a "Doc Amount" of "$0." Further, it is unclear how MERS came into possession of the Deed or Assignment Mortgage on date 11/22/2017, recorded on 12/1/2017.

48. What is even more suspicious and unclear to the Plaintiff is how Defendants Wells Fargo Bank, N.A. sold or transferred the "Deed" of property to Referee Vasilios C. Angelos, Esq who then sold "Deed" to purchaser AA Properties 501 LLC, named Co-Defendant in the above-styled action, for "$530,000." Co-Defendant AA Properties 501 LLC then sold or transferred the "Mortgage" to Wisdom Equities LLC for "$424,000," who then sold or transferred "Assignment, Mortgage" to Webster Business Credit Corporation for "$0." Somehow, without documentation, Co-Defendant AA Properties 501 LLC in possession of "Assignment of Leases and Rents" then sells or transfers said "Assignment of Leases and Rents" to Wisdom Equities LLC for "$424,000" who then transfers or sells the "Assignment of Assignment of Leases and Rents" to Webster Business Credit Corporation for "Doc Amount" of "$0" all performed on 11/22/2017 at 3:23:17 and concluded at 3:23:20, transactions occurring mere seconds apart.

49. Plaintiff has made numerous factual allegations considered "frivolous" by the alleged attorney of Defendant's Wells Fargo Bank, N.A., Michael V. Margarella and Reed Smith LLC, who has neglected to include his BAR number to practice law before this Court, or failed to disclose such valid information in what the Plaintiff considers to be the "Affirmative Answer and Defenses" of said Defendants. Is Brian P. Matthews actually an attorney within the State of New York to which the Plaintiff questions if he is in "good standing" before any court of the State of New York or United States Supreme Court.

50. The Defendant's attorney grasps at straws and insults to disprove and dismiss the validity of the Plaintiff's Amended Adversary Complaint. Furthermore, the Plaintiff appearing in Pro Se, a "non-attorney" and / or a "non-lawyer" cannot be held to the standards of an attorney even one perpetrating himself presumably in "good standing" as the Defendant's Counsel should recognize the Plaintiff's right to "Due Process" and "Equal Protection Under the Law" secured and provided in the 5th and 14th Amendment of the Constitution of the United States.

51. Pursuant to Rule 7026(b), Plaintiff makes the request for discovery related documents regarding Plaintiff Green, Aazim D., Bankruptcy Case No. 1-18-41652- ess and Adversary Proceeding No. 1-18-01102- ess.

**RULE 7026 OF FEDERAL RULES OF BANKRUPTCY PROCEDURES, REQUEST FOR DISCOVERY RELATED DOCUMENTS, INFORMATION OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)**

Rule 26 F.R.Civ.P. applies in adversary proceedings, to which Rule 26 of Fed. R. Civ. P. states as provided:

(a) Required Disclosures.

(1) *Initial Disclosure.*

Signed pursuant to Rule 9011, ARR UCC 1-308 Green, Aazim D.
212-06 99th Ave Apt 1-F
Queens Village, NY 11429

(A) *In General.* Except as exempted by Rule 26(a)(1)(B) or as otherwise stipulated or ordered by the court, a party must, without awaiting a discovery request, provide to the other parties:

(i) the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment;

(ii) a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment;

(iii) a computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered; and

(iv) for inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.

(B) *Proceedings Exempt from Initial Disclosure.* The following proceedings are exempt from initial disclosure:

(i) an action for review on an administrative record;

(ii) a forfeiture action in rem arising from a federal statute;

(iii) a petition for habeas corpus or any other proceeding to challenge a criminal conviction or sentence;

(iv) an action brought without an attorney by a person in the custody of the United States, a state, or a state subdivision;

(v) an action to enforce or quash an administrative summons or subpoena;

(vi) an action by the United States to recover benefit payments;

(vii) an action by the United States to collect on a student loan guaranteed by the United States;

(viii) a proceeding ancillary to a proceeding in another court; and

(ix) an action to enforce an arbitration award.

Signed pursuant to Rule 9011, ARR UCC 1-308 Green, Aazim D.
212-06 99th Ave Apt 1-F
Queens Village, NY 11429

(C) *Time for Initial Disclosures—In General.* A party must make the initial disclosures at or within 14 days after the parties' Rule 26(f) conference unless a different time is set by stipulation or court order, or unless a party objects during the conference that initial disclosures are not appropriate in this action and states the objection in the proposed discovery plan. In ruling on the objection, the court must determine what disclosures, if any, are to be made and must set the time for disclosure.

(D) *Time for Initial Disclosures—For Parties Served or Joined Later.* A party that is first served or otherwise joined after the Rule 26(f) conference must make the initial disclosures within 30 days after being served or joined, unless a different time is set by stipulation or court order.

(E) *Basis for Initial Disclosure; Unacceptable Excuses.* A party must make its initial disclosures based on the information then reasonably available to it. A party is not excused from making its disclosures because it has not fully investigated the case or because it challenges the sufficiency of another party's disclosures or because another party has not made its disclosures.

(2) *Disclosure of Expert Testimony.*

(A) *In General.* In addition to the disclosures required by Rule 26(a)(1), a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705.

(B) *Witnesses Who Must Provide a Written Report.* Unless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report—prepared and signed by the witness—if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony. The report must contain:

(i) a complete statement of all opinions the witness will express and the basis and reasons for them;

(ii) the facts or data considered by the witness in forming them;

(iii) any exhibits that will be used to summarize or support them;

(iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;

(v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and

(vi) a statement of the compensation to be paid for the study and testimony in the case.

(C) *Witnesses Who Do Not Provide a Written Report.* Unless otherwise stipulated or ordered by the court, if the witness is not required to provide a written report, this disclosure must state:

Signed pursuant to Rule 9011, ARR UCC 1-308 Green, Aazim D.
212-06 99th Ave Apt 1-F
Queens Village, NY 11429

(i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and

(ii) a summary of the facts and opinions to which the witness is expected to testify.

(D) *Time to Disclose Expert Testimony.* A party must make these disclosures at the times and in the sequence that the court orders. Absent a stipulation or a court order, the disclosures must be made:

(i) at least 90 days before the date set for trial or for the case to be ready for trial; or

(ii) if the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B) or (C), within 30 days after the other party's disclosure.

(E) *Supplementing the Disclosure.* The parties must supplement these disclosures when required under Rule 26(e).

(3) *Pretrial Disclosures.*

(A) *In General.* In addition to the disclosures required by Rule 26(a)(1) and (2), a party must provide to the other parties and promptly file the following information about the evidence that it may present at trial other than solely for impeachment:

(i) the name and, if not previously provided, the address and telephone number of each witness—separately identifying those the party expects to present and those it may call if the need arises;

(ii) the designation of those witnesses whose testimony the party expects to present by deposition and, if not taken stenographically, a transcript of the pertinent parts of the deposition; and

(iii) an identification of each document or other exhibit, including summaries of other evidence—separately identifying those items the party expects to offer and those it may offer if the need arises.

(B) *Time for Pretrial Disclosures; Objections.* Unless the court orders otherwise, these disclosures must be made at least 30 days before trial. Within 14 days after they are made, unless the court sets a different time, a party may serve and promptly file a list of the following objections: any objections to the use under Rule 32(a) of a deposition designated by another party under Rule 26(a)(3)(A)(ii); and any objection, together with the grounds for it, that may be made to the admissibility of materials identified under Rule 26(a)(3)(A)(iii). An objection not so made—except for one under Federal Rule of Evidence 402 or 403—is waived unless excused by the court for good cause.

(4) *Form of Disclosures.* Unless the court orders otherwise, all disclosures under Rule 26(a) must be in writing, signed, and served.

*aazim Green*

Signed pursuant to Rule 9011, ARR UCC 1-308 Green, Aazim D.
212-06 99ᵗʰ Ave Apt 1-F
Queens Village, NY 11429

(b) Discovery Scope and Limits.

(1) *Scope in General.* Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

(2) *Limitations on Frequency and Extent.*

(A) *When Permitted.* By order, the court may alter the limits in these rules on the number of depositions and interrogatories or on the length of depositions under Rule 30. By order or local rule, the court may also limit the number of requests under Rule 36.

(B) *Specific Limitations on Electronically Stored Information.* A party need not provide discovery of electronically stored information from sources that the party identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the party from whom discovery is sought must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(C) *When Required.* On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that:

(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;

(ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or

(iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1).

(3) *Trial Preparation: Materials.*

(A) *Documents and Tangible Things.* Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent). But, subject to Rule 26(b)(4), those materials may be discovered if:

(i) they are otherwise discoverable under Rule 26(b)(1); and

Signed pursuant to Rule 9011, ARR UCC 1-308 Green, Aazim O.
212-06 99th Ave Apt 1-F
Queens Village, NY 11429

(ii) the party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means.

(B) *Protection Against Disclosure.* If the court orders discovery of those materials, it must protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of a party's attorney or other representative concerning the litigation.

(C) *Previous Statement.* Any party or other person may, on request and without the required showing, obtain the person's own previous statement about the action or its subject matter. If the request is refused, the person may move for a court order, and Rule 37(a)(5) applies to the award of expenses. A previous statement is either:

(i) a written statement that the person has signed or otherwise adopted or approved; or

(ii) a contemporaneous stenographic, mechanical, electrical, or other recording—or a transcription of it—that recites substantially verbatim the person's oral statement.

(4) *Trial Preparation: Experts.*

(A) *Deposition of an Expert Who May Testify.* A party may depose any person who has been identified as an expert whose opinions may be presented at trial. If Rule 26(a)(2)(B) requires a report from the expert, the deposition may be conducted only after the report is provided.

(B) *Trial-Preparation Protection for Draft Reports or Disclosures.* Rules 26(b)(3)(A) and (B) protect drafts of any report or disclosure required under Rule 26(a)(2), regardless of the form in which the draft is recorded.

(C) *Trial-Preparation Protection for Communications Between a Party's Attorney and Expert Witnesses.* Rules 26(b)(3)(A) and (B) protect communications between the party's attorney and any witness required to provide a report under Rule 26(a)(2)(B), regardless of the form of the communications, except to the extent that the communications:

(i) relate to compensation for the expert's study or testimony;

(ii) identify facts or data that the party's attorney provided and that the expert considered in forming the opinions to be expressed; or

(iii) identify assumptions that the party's attorney provided and that the expert relied on in forming the opinions to be expressed.

(D) *Expert Employed Only for Trial Preparation.* Ordinarily, a party may not, by interrogatories or deposition, discover facts known or opinions held by an expert who has been retained or specially employed by another party in anticipation of litigation or to prepare for trial and who is not expected to be called as a witness at trial. But a party may do so only:

(i) as provided in Rule 35(b); or

*Aazim Green*

Signed pursuant to Rule 9011, ARR UCC 1-308 Green, Aazim D.
212-06 99th Ave Apt 1-F
Queens Village, NY 11429

(ii) on showing exceptional circumstances under which it is impracticable for the party to obtain facts or opinions on the same subject by other means.

(E) *Payment.* Unless manifest injustice would result, the court must require that the party seeking discovery:

(i) pay the expert a reasonable fee for time spent in responding to discovery under Rule 26(b)(4)(A) or (D); and

(ii) for discovery under (D), also pay the other party a fair portion of the fees and expenses it reasonably incurred in obtaining the expert's facts and opinions.

(5) *Claiming Privilege or Protecting Trial-Preparation Materials.*

(A) *Information Withheld.* When a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party must:

(i) expressly make the claim; and

(ii) describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim.

(B) *Information Produced.* If information produced in discovery is subject to a claim of privilege or of protection as trial-preparation material, the party making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court· under seal for a determination of the claim. The producing party must preserve the information until the claim is resolved.

(c) Protective Orders.

(1) *In General.* A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending—or as an alternative on matters relating to a deposition, in the court for the district where the deposition will be taken. The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action. The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:

(A) forbidding the disclosure or discovery;

Signed pursuant to Rule 9011, ARR UCC 1-308 Green, Aazim D.
212-06 99th Ave Apt 1-F
Queens Village, NY 11429

(B) specifying terms, including time and place or the allocation of expenses, for the disclosure or discovery;

(C) prescribing a discovery method other than the one selected by the party seeking discovery;

(D) forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters;

(E) designating the persons who may be present while the discovery is conducted;

(F) requiring that a deposition be sealed and opened only on court order;

(G) requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way; and

(H) requiring that the parties simultaneously file specified documents or information in sealed envelopes, to be opened as the court directs.

(2) *Ordering Discovery.* If a motion for a protective order is wholly or partly denied, the court may, on just terms, order that any party or person provide or permit discovery.

(3) *Awarding Expenses.* Rule 37(a)(5) applies to the award of expenses.

(d) Timing and Sequence of Discovery.

(1) *Timing.* A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order.

(2) Early Rule 34 Requests.

Time to Deliver. More than 21 days after the summons and complaint are served on a party, a request under Rule 34 may be delivered:

(i) to that party by any other party, and

(ii) by that party to any plaintiff or to any other party that has been served.

(B) When Considered Served. The request is considered to have been served at the first Rule 26(f) conference.

(3) *Sequence.* Unless the parties stipulate or the court orders otherwise for the parties' and witnesses' convenience and in the interests of justice:

(A) methods of discovery may be used in any sequence; and

Signed pursuant to Rule 9011, ARR UCC 1-308 Green, Aazim D.
212-06 99th Ave Apt 1-F
Queens Village, NY 11429

(B) discovery by one party does not require any other party to delay its discovery.

(e) Supplementing Disclosures and Responses.

(1) *In General.* A party who has made a disclosure under Rule 26(a)—or who has responded to an interrogatory, request for production, or request for admission—must supplement or correct its disclosure or response:

(A) in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing; or

(B) as ordered by the court.

(2) *Expert Witness.* For an expert whose report must be disclosed under Rule 26(a)(2)(B), the party's duty to supplement extends both to information included in the report and to information given during the expert's deposition. Any additions or changes to this information must be disclosed by the time the party's pretrial disclosures under Rule 26(a)(3) are due.

(f) Conference of the Parties; Planning for Discovery.

(1) *Conference Timing.* Except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B) or when the court orders otherwise, the parties must confer as soon as practicable—and in any event at least 21 days before a scheduling conference is to be held or a scheduling order is due under Rule 16(b).

(2) *Conference Content; Parties' Responsibilities.* In conferring, the parties must consider the nature and basis of their claims and defenses and the possibilities for promptly settling or resolving the case; make or arrange for the disclosures required by Rule 26(a)(1); discuss any issues about preserving discoverable information; and develop a proposed discovery plan. The attorneys of record and all unrepresented parties that have appeared in the case are jointly responsible for arranging the conference, for attempting in good faith to agree on the proposed discovery plan, and for submitting to the court within 14 days after the conference a written report outlining the plan. The court may order the parties or attorneys to attend the conference in person.

(3) *Discovery Plan.* A discovery plan must state the parties' views and proposals on:

(A) what changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made;

(B) the subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues;

Signed pursuant to Rule 9011, ARR UCC 1-308 Green, Aazim D.
212-06 99th Ave Apt 1-F
Queens Village, NY 11429

(C) any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced;

(D) any issues about claims of privilege or of protection as trial-preparation materials, including—if the parties agree on a procedure to assert these claims after production— whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502;

(E) what changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed; and

(F) any other orders that the court should issue under Rule 26(c) or under Rule 16(b) and (c).

(4) *Expedited Schedule.* If necessary to comply with its expedited schedule for Rule 16(b) conferences, a court may by local rule:

(A) require the parties' conference to occur less than 21 days before the scheduling conference is held or a scheduling order is due under Rule 16(b); and

(B) require the written report outlining the discovery plan to be filed less than 14 days after the parties' conference, or excuse the parties from submitting a written report and permit them to report orally on their discovery plan at the Rule 16(b) conference.

(g) Signing Disclosures and Discovery Requests, Responses, and Objections.

(1) *Signature Required; Effect of Signature.* Every disclosure under Rule 26(a)(1) or (a)(3) and every discovery request, response, or objection must be signed by at least one attorney of record in the attorney's own name—or by the party personally, if unrepresented—and must state the signer's address, e-mail address, and telephone number. By signing, an attorney or party certifies that to the best of the person's knowledge, information, and belief formed after a reasonable inquiry:

(A) with respect to a disclosure, it is complete and correct as of the time it is made; and

(B) with respect to a discovery request, response, or objection, it is:

(i) consistent with these rules and warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law, or for establishing new law;

(ii) not interposed for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; and

(iii) neither unreasonable nor unduly burdensome or expensive, considering the needs of the case, prior discovery in the case, the amount in controversy, and the importance of the issues at stake in the action.

Signed pursuant to Rule 9011, ARR UCC 1-308 Green, Aazim D.
212-06 99th Ave Apt 1-F
Queens Village, NY 11429

(2) *Failure to Sign.* Other parties have no duty to act on an unsigned disclosure, request, response, or objection until it is signed, and the court must strike it unless a signature is promptly supplied after the omission is called to the attorney's or party's attention.

(3) *Sanction for Improper Certification.* If a certification violates this rule without substantial justification, the court, on motion or on its own, must impose an appropriate sanction on the signer, the party on whose behalf the signer was acting, or both. The sanction may include an order to pay the reasonable expenses, including attorney's fees, caused by the violation.

Wherefore, the Plaintiff again states that genuine issues of material fact require and demand this Court review the foregoing and respectfully request that Defendant's submitted motion should be denied.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: 10/18/18

*Aazim Green*

Green, Aazim D.

212-06 99th Ave Apt 1-F, Queens Village, NY 11429

*Aazim Green*

Signed pursuant to Rule 9011, ARR UCC 1-308 Green, Aazim D.
212-06 99th Ave Apt 1-F
Queens Village, NY 11429