UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------X

GREEN, AAZIM D.     *Aazim Green*     Bankruptcy Case No. 1-18-41652- ess

    Debtor-Plaintiff,                              Chapter 7

v.

AMERICAN FINANCIAL RESOURCES INC.     Adv. Pro. No. 1-18-01102- ess
COREY DUBNOFF, MORTGAGE ELECTRONIC
RESOURCES SYSTEMS, BILL BECKMANN,
WELLS FARGO BANK, N.A., TIMOTHY J.
SLOAN, JASON B. DESIDERIO, MICHAEL V.
MARGARELLA, AMBER A. JUREK,
ALEXANDRA R. HEANY, REED SMITH, LLP,
VASILLIOS C., ANGELOS, ABRAHAM
ABOUTABOUL, AA PROPERTIES 501 LLC,
NICHOLAS J. MATTIA, ARNOLD W. DRUCKER,
GROSS POLOWY, LLC

    Defendants.

-----------------------------------------------------------------X

PLAINTIFF'S RULE 7012(f) MOTION TO STRIKE DEFENDANT'S MOTION TO DISMISS
AND PLAINTIFF'S RULE 7056 MOTION FOR SUMMARY JUDGMENT AND/OR
PLAINTIFF'S RULE 7037 REQUEST FOR ORDER COMPELLING PRODUCTION OF
DISCOVERY RELATED DOCUMENTS, INFORMATION, AND
RESPONSES TO INTERROGATORIES

    I, Green, Aazim D., a non-attorney and/or non-lawyer, the Plaintiff hereinafter appearing in Pro Se, in the above styled action against Wells Fargo Bank, N.A., et al, the Defendant hereinafter, and their attorney's Brian P. Matthews of Reed Smith LLP. Plaintiff states the following under penalty of perjury:

    Pursuant to Federal Rules of Bankruptcy Procedures, Rule 7012(b), Plaintiff hereby moves the Court to strike Supplemental Affirmation in Further Support of Defendants Motion to Dismiss as Defendants responses are evasive and submitted willfully in bad faith. Furthermore, pursuant to Rule 7056 of Federal Rules of Bankruptcy Procedures, Plaintiff requests that this Court review and grant Plaintiff's Motion for Summary Judgment. Plaintiff also makes the requests of this court that if this Court does not

grant Plaintiff's Motion for Summary Judgment, that the honorable Judge Strong does give plain English explanation for such denial of motion and consider the Plaintiff's submitted Rule 7026 and Rule 7037 of Federal Rules of Bankruptcy Procedures, request for an order compelling Defendants to cooperate with Pro Se Plaintiff, produce discovery related documents requested below with Defendants response to Plaintiff's interrogatories also attached.

      Plaintiff's has in good faith conferred and attempted to confer with the person or parties of interest to make disclosure or discovery in an effort to obtain it without court action. An Affidavit in Support of Plaintiff's Motion for Summary Judgment and/or Motion to Compel Production of Requested Discovery Related Documents and the bases for this Motion are set forth in the accompanying Affidavit in Support of Plaintiff's Motion for Summary Judgment, and additional interrogatories, are set forth also in the same attached affidavit in support of Plaintiff's Motion.

DATE 2/12/19        _[signature]_

                            Signed pursuant to Rule 9011, ARR UCC 1-308 Green, Aazim D.
                                                212-06 99th Ave Apt 1-F
                                                Queens Village, NY 11429

## PLAINTIFF'S AFFIDAVIT IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT AND/OR MOTION TO COMPEL DISCOVERY-RELATED DOCUMENTS WITH INCORPORATED MEMORANDUM OF LAW

1. I, Green, Aazim, D., a non-attorney and/or non-lawyer, appearing in Pro Se, the Plaintiff hereinafter, pursuant to Federal Rules of Bankruptcy Procedure Rule 7012(f), hereby respectfully submits this affirmation in opposition to the motion dated January 23, 2019, made by Jason R. Bowyer, Co-Defendant and Attorney for Defendant Wells Fargo Bank, N.A.
2. Plaintiff has personal knowledge of facts which bear on this motion and further moves this Court for an entry for an Order of Summary Judgment and/or compel Discovery and Memorandum of Law. The motion should be denied and the Plaintiff affirms the statements made herein to be true and correct, and further states the following under penalty of perjury in support thereof:

In Re - Loan Number: 00000031960; Property Address: 212-06 99th AVE QUEENS VILLAGE, NY 11429; Legal Description: Block # 11085 Lot # 0023

Subject Matter Jurisdiction

3. Plaintiff and Defendant parties of interest are residents of different states.
4. The amount in controversy exceeds $75,000.00.
5. Plaintiff did file voluntary petition for bankruptcy.
6. The United States Bankruptcy Court in and for the Eastern District of New York is the correct venue

Cause of Action

7. Plaintiff claims damages and files amended complaint to recover monies paid from 06/06/2008 through November, 2017 for mortgage and payments made for the maintenance and improvement of security and physical property, the same property foreclosed and sold. It is the Plaintiff's right to dispute the validity of the debt and the accuracy of all reported information on a consumer's credit report in accordance with 15 U.S.C. 1692g
8. Plaintiff seeks injunctive Relief for violations of automatic stay; and
9. Plaintiff also seeks the determination of the action removed from State and Civil court

Demand

10. Plaintiff demands $294,000 for payments made toward a promissory note, and secured by a mortgage note, maintenance and improvements of the above listed property and any other relief this Court may find equitable and appropriate.

### PLAINTIFF'S AFFIDAVIT IN SUPPORT DENIAL AND REPLY TO DEFENDANT'S PROCEDURAL STATEMENTS AND LEGAL ARGUMENTS

11. Plaintiff makes the general denial of Defendants Supplemental affirmation in further support of Defendants Wells Fargo Bank, N.A. Timothy J. Sloan, Mortgage Electronic Resources Systems, Bill Beckmann, Reed Smith LLP, and Michal V. Margarella's Motion to Dismiss Plaintiff's Second Amended Adversary Complaint Pursuant to Fed. R. Civ. P. Rule 12(b)(1) & (6), specifically paragraphs: 1-16, as genuine issues of material fact do exist.

12. Plaintiff has made oral and written requests for production of discovery related documents before the Court and factual arguments as to why this matter should not be dismissed, however, the lack of cooperation and contempt of the Defendant's counsel to participate in general disclosure and discovery denies any opportunity to validate the causes of action and relief entitled to the Plaintiff nor have the Defendant's shown any legal or factual arguments as to why summary judgment should not be made against the Defendants that sufficiently challenge any cause of action made by the Plaintiff.
13. Simply put, the Court need not waste any additional resource on this matter as the Defendants have failed to produce or cannot produce any evidence as to why an order for summary judgment should not be made granting the Plaintiff the requested relief.
14. Plaintiff instituted the within action by challenging the validity of a debt discharged in the aforementioned bankruptcy proceeding creditor meeting, initiated 03/26/2018 jointly filed with Williams, Ethel before Bankruptcy Trustee directed Plaintiff to separate cases, and followed up by adversary complaint submitted 09/11/2018, initially filed under the Truth In Lending Act, Fair Credit Reporting Act, and the Fair Debt Collection Practices Act, further amended and submitted 10/22/2018 to recover monies paid for payments made in connection to a property foreclosed by fraud, inappropriate venue, improper service, an injuring act denying the Plaintiff any credit to payments made prior to foreclosure, payments demanded in full and improperly accelerated and the relief to which the Plaintiff is entitled to; the aforementioned acts, enacted by Congress to protect consumers from predatory lending and debt collection practices.
15. Plaintiff, at request of Defendant did grant an extension of time to respond to the Plaintiff's complaint, to which at October 22, 2018, the joining of additional parties that have first-hand knowledge or authorization to make decisions for a corporation, or that has willfully submitted inaccurate information, participated in deceptive debt collection practices is important to the facts to be determined and submitted before the Court with proper production and participation in the discovery proceedings before the court. The Defendants extended response was still without any general disclosures prescribed by the Federal Rules of Bankruptcy Procedures, but did request a more definite statement be made.
16. At Case Management Conference on December 11, 2018, the Court did direct the Plaintiff to oppose the Motion to Dismiss on or before December 28, 2018.
17. Plaintiff did oppose the Defendant's Motion to Dismiss incorporated in Plaintiff's Second Amended Complaint with added defendants inclusive of a definitive cause of action the Defendant deemed "vague" to evade providing a sufficient response and to delay the actions of the Plaintiff before the Court.
18. The Plaintiff and counsel for Defendant's appeared for a second Case Management Conference on January 9, 2017 in which the oral request for discovery related documents was made before the honorable court and Counsel Brian P. Matthews for Defendant did state his objection and/or denial to the participation in the discovery related production of documents until Judge Strong did order and/or direct Defendants counsel to submit an answer to the Plaintiff's allegations made in second Amended Complaint and provide general discovery as requested.
19. Plaintiff objects to Defendants submitted supplement and incorporated all prior arguments submitted in support of the Defendant's Motion to Dismiss.
20. The Second Amended Complaint does contain factual basis for the: (1) return of mortgage payments, and (2) injunctive relief for violation of the automatic stay;

21. Plaintiff did have basis for naming certain individuals as defendants in an attempt to further determine the role of named individuals as authorized agents for the Defendant Corporation with knowledge of the storage and/or authenticity of documents within the Defendants possession.
22. Though the Defendant claims the Plaintiff's actions are barred by the Rooker-Feldman Doctrine, the US District Court does still retain jurisdiction over this mater.
23. Fails for all of the reasons set forth in the order for Summary Judgment and/or order compelling cooperation and production of discovery related documents, Plaintiff denies the requirements set forth in Hoblock v. Albany County Bd. Of Elections have not been met.
24. Defendant does not deny that the claims made are directly intertwined with the Foreclosure Action; and that
25. While the Second Amended Complaint does attempt to address the numerous pleading response deficiencies, the Plaintiff has not waived or withdrawn any causes of action for violation of automatic stay, but amended the complaint to specify the cause of action and claim for relief. Accordingly, this Court need not spend any additional judicial resources, and may grant the Plaintiff's Motion for Summary Judgment.

## CONCLUSION

26. WHEREAS, for the foregoing reasons and those otherwise set forth in the Motion for Summary Judgment, Plaintiff respectfully request that the Court enter an (i) order striking the Defendant's supplemental affirmation in further support of Defendant's Motion to Dismiss, (ii) grant Plaintiff's Motion for Summary Judgment and further relief in favor of the Plaintiff that may be just and proper; or (iii) grant Plaintiff's request for an order compelling the cooperation and production of requested discovery related from the Defendants and any further relief in favor of the Plaintiff that may be just and proper.

**PLAINTIFF'S RULE 26 REQUEST FOR PRODUCTION OF DISCOVERY-RELATED DOCUMENTS AND MEMORANDUM OF LAW**

For the purpose of this Request, the following definitions shall apply:

"Agreement" shall refer to the alleged terms and conditions calling for the repayment of funds underlying this cause of action.

"Creditor" shall refer to the parties past or present authorized to collect on the subject debt.

"Debt" shall refer to the alleged monies owed in connection with this cause of action.

"Defendant" shall refer to the party being sued in this action.

"Document" includes any written, recorded, electronic, or graphic matter, however produced or reproduced, that is or was ever in the possession, custody, or control of the Creditor. "Document" includes the originals and all drafts and copies which differ in any respect from the original. "Document" includes all of the above materials, whether privileged or not. If any of the documents designated below are withheld on the grounds of privilege or work product, such document should be identified by author, recipient, date, and nature of the document.

With respect to any document designated below which was once, but is no longer, in the Creditor's possession, custody, or control, please indicate the date the document ceased to be in the Creditor's possession, custody, or control, the manner in which it ceased, and the name and address of its present custodian.

If the document is responsive to more than one request, it need be produced only once, but the written response should identify all the requests to which it is responsive.

Fair Debt Collection Practices Act 809 (15 U.S.C. 1692g.) Validation of debts
(a) Notice of debt; contents
Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—
(1) the amount of the debt;
(2) the name of the creditor to whom the debt is owed;
(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

(b) Disputed debts

If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) of this section that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. Collection activities and communications that do not otherwise violate this subchapter may continue during the 30-day period deferred to in subsection

(a) unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor. Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

(c) Admission of liability

The failure of a consumer to dispute the validity of a debt under this section may not be construed by any court as an admission of liability by the consumer.

(d) Legal pleadings

A communication in the form of a formal pleading in a civil action shall not be treated as an initial communication for purposes of subsection (a).

(e) Notice provisions

The sending or delivery of any form or notice which does not relate to the collection of a debt and is expressly required by title 26, title V of Gramm-Leach-Bliley Act [15 U.S.C. 6801 et seq.], or any provision of Federal or State law relating to notice of data security breach or privacy, or any regulation prescribed under any such provision of law, shall not be treated as an initial communication in connection with debt collection for purposes of this section.

## PLAINTIFF'S FIRST SET OF INTERROGATORIES

Pursuant to Rules: 7033 and 7034 of the Federal Rules of Bankruptcy Procedure, I, Green, Aazim D., the Plaintiff, a non-attorney, non-lawyer, appearing in Pro Se, does hereby make the request to Wells Fargo Bank, N.A., et al (the "Defendant"), by and through its assigned counsel, the attached First Set of Interrogatories to said Defendants, to be answered in writing and under oath in the form and manner prescribed below.

## DEFINITIONS

For purposes of these Interrogatories, the following definitions apply:

1. The term "you," "your," or "Defendant" refers to Wells Fargo Bank, N.A. and all authorized agents.

2. The term "Complaint" refers to Plaintiff's initial Complaint and summons.

3. Capitalized terms not defined here shall have the same meaning as those terms have in the Complaint.

4. The phrase "describe in detail" means to recite the information in your possession for each separate and distinct act, instance, occurrence, or communication, including the date, location

and identity of each and every person present or involved and the identity of each and every communication and each and every document which relates to the act, instance, occurrence or communication.

5. The term "document" means the original and any copy whether different from the original by reason of any notation made on such copies or otherwise, regardless of the origin or location, of any written, recorded, transcribed, taped, filed or graphic matter, however produced or reproduced, including but not limited to any correspondence, telegram, book, letter, memorandum, notes, diaries, statistics, minutes, contracts, studies, checks, statements, receipts, returns, summaries, pamphlets, prospectuses, interoffice and intraoffice telephone calls, meetings or other communications, bulletins, printed matter, computer printouts, teletypes, telefax, invoices, worksheets (and all drafts, alterations, modifications or changes to any of the foregoing); graphic and oral records or representations of any kind, including without limitation, photographs, charts, graphs, microfiche, microfilm, video tape recordings, motion pictures, electronic, mechanical, or electrical records or representations of any kind, including without limitation, tapes, cassettes, discs and recordings.

6. The term "all documents" means any document as above defined known to you and every such document which can be located or discovered by reasonably diligent efforts.

7. The term "communication" means any oral or written utterance, notation or statement of any nature whatsoever, by and to whomsoever made, including but not limited to correspondence, conversations, dialogues, discussions, interviews, meetings, consultations, agreements, and other understandings between or among two or more people.

8. The term "identify" or "identity" when used in reference to:

    1. A natural individual, means to state his or her full name, title, residential and business addresses, and telephone numbers;

2. A corporation, means to state its full corporate name and any names under which it does business, state of incorporation, the address of its principal place of business, and the address of all its officers in Florida;

3. A business, means to state the full name or style under which the business is conducted, its business address or addresses, the types of businesses in which it is engaged, the geographic areas in which it conducts those businesses, and the identity of the person or persons who own, operate and control the business;

4. A document, means to state the number of pages and the nature of the document (e.g., letter or memorandum), its title, date, the name or names of its author(s) and recipient(s) and its present location and custodian(s);

5. A communication, if any part of the communication is written, means to identify the document(s) which refers to or evidences the communication, and, to the extent that the communication was unwritten, to identify the persons participating in the communication and to state the date, manner, place and substance of the communication.

9. The term "state the basis" means to state in your answer each and every fact and legal theory that you think relates to the claim, contention, allegation, or response.

10. The term "person" means any natural person, corporation, partnership, proprietorship, association, organization, or group of natural persons.

11. The term "relating to" or "relates to" means in any way directly or indirectly, concerning, referring to, disclosing, describing, confirming, supporting, evidencing, or representing.

12. The term "representative" means any and all present and former agents, employees, servants, officers, directors, attorneys, or other persons acting or purporting to act on behalf of the person in question.

13. The term "telephone numbers" refers to home, business, facsimile, and cellular telephone numbers.

14. The terms "and" and "or," as used herein, are both conjunctive and disjunctive.

15. All singular words include the plural, and all plural words include the singular.

16. All words in the present tense include the past, and all words in the past tense include the present.

## INSTRUCTIONS

17. Each Interrogatory and part thereof, shall be answered separately, fully and completely, without reference to any answer of any other Interrogatory.

18. Unless otherwise indicated, the relevant time period referred to in these Interrogatories is from the publication of the initial solicitation for the damages described in the Complaint through the date of your answer to these Interrogatories.

19. With respect to information or documents as to which you may claim privilege, attorney's work product or trial preparation materials, you are requested to identify each such document, in writing, on or before the date of the production set forth herein, together with the following information: the nature, date, subject matter and author of the document, as well as the identity of all persons to whom the document was directed, addressed or received, and the paragraphs of the discovery requests to which the document corresponds. For each such document, you are further required to state the basis for your claim of privilege, attorney's work product, or trial preparation materials.

## INTERROGATORIES

1. What is the name, address and telephone number of the person or persons participating in the answering of these interrogatories? For each person, if applicable, list the person's official position or relationship with the party to whom the interrogatories are directed, as well as the number of each interrogatory which the person participated in answering.

2. State the name, address and telephone number of any and all individuals with knowledge of Defendant's claims that are the subject of this lawsuit, and specify what information those individuals have that is related to Defendant's defense.

3. Please identify any and all past or present Defendant's employees who have worked on, or have knowledge of, the matters identified in the Complaint. For each person, state their address, telephone number, job description, general responsibilities at Defendant's, work preformed in relation to the events described in the Complaint, dates of employment, and reason for termination if the employee is no longer with Defendant's.

4. State the amount and category of damages you sought in the Complaint, and identify each and every document that supports your alleged entitlement to such damages. With regard to each document identified pursuant to this interrogatory, state the nature, date, subject matter and author of the document as well as the identity of all persons to whom the document was directed, addressed, or received.

5. State with particularity the method by which you quantified the damages identified in Interrogatory Number 4.

6. Describe in detail each instance of alleged breach by the County referred to in the Complaint. For each alleged breach, describe with particularity the facts related to the breach, the date of the breach, the name of the County employee(s) involved, the name of the Defendant's employee(s) involved, the result of the alleged breach, and the provision of the Agreement alleged to have been breached. For each alleged breach described, identify each and every document that supports your allegation and state the nature, date, subject matter and author of the document as well as the identity of all persons to whom the document was directed, addressed, or received.

7. Describe in detail all representations made by the County or its employees that support your claim for "Negligent Misrepresentation" in Count III of the Complaint. For each alleged representation described: (1) identify each and every document that supports your allegation and state the nature, date, subject matter and author of the document as well as the identity of all persons to whom the document was directed, addressed, or received; and (2) identify each and every statement made that supports your allegation and state the nature, date, subject matter and maker of the statement as well as the identity of all persons to whom the statement was directed, addressed or received.

8. Describe in detail all representations, statements or promises made by the County or its employees that support your claim for "Promissory Estoppel" in Count VI of the Complaint. For each alleged representation, statement or promise described: (1) identify each and every document that supports your allegation and state the nature, date, subject matter and author of the document as well as the identity of all persons to whom the document was directed, addressed, or received; and (2) identify each and every statement made that supports your allegation and state the nature, date, subject matter and maker of the statement as well as the identity of all persons to whom the statement was directed, addressed or received.

## DEFENDANT'S RESPONSE TO INTERROGATORIES AFFIDAVIT

I, _____, (title) _____ have read the foregoing Answers to Interrogatories and do swear (or affirm) under penalty of perjury that they are true and correct of the best of my knowledge and belief.

Signature: _____

By: _____

Sworn (or Affirmed) and subscribed before me at _____,
County of _____, in the State of _____ this _____ day of
_____ 2019.

__ Who is personally known to me; or
__ Who produced identification

Type of Identification

_____ SEAL

Notary Public, State of _____

_____
Print, type or stamp name of notary public

My Commission Expires: _____

## PLAINTIFF'S REQUEST FOR PRODUCTION OF DISCOVERY-RELATED DOCUMENTS
## CHECKLIST

The below checked documents are requested:

____1. All written agreements entered into by the Plaintiff as "debtor" and the Defendant as "Creditor."

____2. All written communications, applications, correspondence or records thereof relating to the debt.

____3. All written communications, letters, or records thereof between the Defendant and the Creditor during the course of the debt agreement.

____4. All accounts, ledgers, records or other documents including payment receipts, notes, and memoranda in which the Creditor has recorded the debits and credits made to the Plaintiff's account.

____5. Any and all documents, statements, reports, promissory note(s), mortgage note(s), transfer of assignments from the original creditor to the Defendant as "Creditor" with clear chain of title, articles of incorporation for authorization of business in the State of Florida, any judgments granting the Defendants any relief it may be entitled to, or any other documents that support or dispute the substance of the evidence the Creditor intends to offer at pre-trial conference.

____6. All documents contained in any file maintained by the Creditor regarding the Plaintiff that are relevant to the allegations that form the basis of the Creditor's defenses and/or affidavits and/or answers made in response to this action.

____7. Any and all documents relating to the service of process of any notice of default, Summons or Complaint submitted in any court of record.

____8. All documents the Creditor intends to introduce as evidence at the trial in this action.

____9. All reports or statements of potential witnesses, depositions and the manner in which they are taken that comply with the Federal Rules of Civil Procedure Rule 26 that the Defendant to prove that it has not violated the terms of any agreement.

____10. All answers to Plaintiff's First Set of Interrogatories numbered 1-8, signed under penalty of perjury, and notarized and/or authenticated by an agent of official capacity.

Plaintiff states that further interrogatories cannot be made or submitted to the Court without the production of the requested discovery-related documents to which this case hinges on, and does not constitute waiving any further interrogatories exhausting the number of interrogatories permitted by Rule 7033 of Fed. R. Bank. P.

Respectfully Submitted,

DATE 2/12/19            _____Aazim Green_____
                        Signed pursuant to Rule 9011, ARR UCC 1-308 Green, Aazim D.
                        212-06 99th Ave Apt 1-F
                        Queens Village, NY 11429

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------X

GREEN, AAZIM D. /Aazim Green/     Bankruptcy Case No. 1-18-41652- ess

    Debtor-Plaintiff,                                Chapter 7

v.

AMERICAN FINANCIAL RESOURCES INC.     Adv. Pro. No. 1-18-01102- ess

COREY DUBNOFF, MORTGAGE ELECTRONIC

RESOURCES SYSTEMS, BILL BECKMANN,

WELLS FARGO BANK, N.A., TIMOTHY J.

SLOAN, JASON B. DESIDERIO, MICHAEL V.

MARGARELLA, AMBER A. JUREK,

ALEXANDRA R. HEANY, REED SMITH, LLP,

VASILLIOS C., ANGELOS, ABRAHAM

ABOUTABOUL, AA PROPERTIES 501 LLC,

NICHOLAS J. MATTIA, ARNOLD W. DRUCKER,

GROSS POLOWY, LLC

    Defendants.

-----------------------------------------------------------X

CERTIFICATE OF SERVICE

I hereby further certify that on the _12_ day of _February_ 2019 below, I caused copies of the foregoing documents to be served on the following parties and addresses via U.S. Mail:

American Financial Resources Inc.

Corey Dubnoff - President

273 E. Main Street

Parsippany, NJ 07834


Mortgage Electronic Resources Systems

Bill Beckmann – C.E.O.

1818 Library Street, Suite 300

Reston, VA 20190

Wells Fargo Bank, N.A.

Timothy J. Sloan – C.E.O., President & Director

420 Montgomery St

San Francisco, CA 94104

Brian P. Matthews – Reed Smith LLP

599 Lexington Avenue, Floor 30

New York, NY 10022

*Attorneys for Defendants Wells Fargo Bank, N.A., Michael V. Margarella, and Reed Smith LLP*

Nicole M. Black, Esq. – Gross Polowy LLC

900 Merchants Concourse, Suite 412

Westbury, NY 11590

*Attorney for Defendants Jurek and Heaney*

Abraham Aboutaboul - AA PROPERTIES 501 LLC

2840 3RD AVENUE (2nd Floor)

Bronx, NY 10455

Nicholas J. Mattia of Arnold W. Drucker

37-06 82nd Street, Suite 200

Jackson Heights, NY 11372

I hereby further certify that on the date below, I caused copies of the foregoing documents to be served via court filing on:

Elizabeth S. Strong – Judge

26 Court Street, Suite 221

Brooklyn, NY 11242

Robert J. Musso – Chapter 7 Trustee

26 Court Street, Suite 221

Brooklyn, NY 11242